PEOPLE v. ROSINO.

(Supreme Court, Appellate Division, Second Department. April 9, 1915.)

CRIMINAL LAW  ☞824—SELF-DEFENSE—INSTRUCTIONS—REQUESTS—NECESSITY.

> Where no question of the duty of accused, relying on self-defense, to retreat, arose on the trial, and was not touched on in the charge, and the court charged that one had no right to attack in self-defense until he had done everything in his power to avoid its necessity, and that he must show that there was reasonable ground to believe he was in peril, and no other safe means of escape were open to him, accused, not requesting any charge on the theory that the killing occurred in his own apartment, could not complain of the failure to charge that one attacked in his own home could stand his ground.

> [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1996–2004; Dec. Dig. ☞824.]

Appeal from Nassau County Court.

Joseph Rosino was convicted of murder in the second degree, and he appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Peter P. Smith, of Brooklyn, for appellant.

Charles I. Wood, Asst. Dist. Atty., of Mineola (Lewis J. Smith, Dist. Atty., of Mineola, on the brief), for the People.

PER CURIAM. An examination of the proofs leads to the view that defendant had a fair trial, and that the verdict of conviction is supported by the testimony. No error appears in the court's rulings as to evidence. His charge was a correct statement of the law as to such a homicide.

The reversal in People v. Tomlins, 213 N. Y. 240, 107 N. E. 496, rendered over two years after this trial, moves appellant's counsel now to urge that, as this shooting was in defendant's own apartment, the court should have told the jury that one so attacked in his home had the right to stand his ground. No question of the duty to retreat arose on the trial, or was touched upon in the charge. The court correctly held that one has no right to attack for the purpose of self-defense until he has done everything in his power to avoid its necessity. He must show that there was reasonable ground for him to believe he was in great peril, and that no other safe means of escape was open to him. In the absence of requests for further instructions, we think this gave the jury the proper rule as to shooting an assailant in the situation which the evidence disclosed.

The judgment of conviction should be affirmed.